IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| PREMIER SALONS BEAUTY INC., | : | |
| a Delaware corporation, | : | Chapter 11 |
| | : | |
|                 Debtor. | : | Case No. 10-_____(_____) |
| | : | |
| Employer Tax I.D. No. 26-4119717 | : | |

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| TRADE SECRET, INC., | : | Chapter 11 |
| a Colorado corporation, | : | |
| | : | Case No. 10-_____ (_____) |
|                 Debtor. | : | |
| | : | |
| Employer Tax I.D. No. 84-0811292 | : | |

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| PREMIER SALONS TRADE SECRET INC., | : | Chapter 11 |
| a Delaware corporation, | : | |
| | : | Case No. 10-_____ (_____) |
|                 Debtor. | : | |
| | : | |
| Employer Tax I.D. No. 27-1399005 | : | |

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| BEAUTYFIRST, INC., | : | |
| a Kansas corporation, | : | Chapter 11 |
| | : | |
|                 Debtor. | : | Case No. 10-_____ (_____) |
| | : | |
| Employer Tax I.D. No. 48-0951954 | : | |

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| TRADE SECRET BEAUTY STORES INC., | : | Chapter 11 |
| a Delaware corporation, | : | |
| | : | Case No. 10-_____ (_____) |
|               Debtor. | : | |
| | : | |
| Employer Tax I.D. No. 26-4119804 | : | |
| ------------------------------------------------------------------ x | | |
| In re: | : | |
| | : | |
| TRADE SECRET EXCLUSIVE STORES INC., | : | Chapter 11 |
| a Delaware corporation, | : | |
| | : | Case No. 10-_____ (_____) |
|               Debtor. | : | |
| | : | |
| Employer Tax I.D. No. 26-4119902 | : | |
| ------------------------------------------------------------------ x | | |
| In re: | : | |
| | : | |
| TRADE SECRET LUXURY STORES INC., | : | Chapter 11 |
| a Delaware corporation, | : | |
| | : | Case No. 10-_____ (_____) |
|               Debtor. | : | |
| | : | |
| Employer Tax I.D. No. 26-4119865 | : | |
| ------------------------------------------------------------------ x | | |
| In re: | : | |
| | : | |
| PUREBEAUTY, INC., | : | Chapter 11 |
| a Delaware corporation, | : | |
| | : | Case No. 10-_____ (_____) |
|               Debtor. | : | |
| | : | |
| Employer Tax I.D. No. 98-0494358 | : | |
| ------------------------------------------------------------------ x | | |

# MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1

Trade Secret, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors," and each individually, a "Debtor"),[1] by and through their undersigned counsel respectfully bring this motion (the "Motion") for entry of an order, pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to jointly administer their chapter 11 cases. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Brian Luborsky in Support of Chapter 11 Petitions and First Day Relief (the "First Day Declaration"), which was filed with the Court concurrently herewith. In further support of the Motion, the Debtors, by and through their proposed undersigned counsel, respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested herein is predicated on Bankruptcy Rule 1015 and Local Rule 1015-1.

---

[1] The Debtors in these cases, along with the last four (4) digits of their federal tax identification numbers (if applicable) are: Premier Salons Beauty Inc. (EIN XX-XXX9717); Trade Secret, Inc. (EIN XX-XXX1292); Premier Salons Trade Secret Inc. (EIN XX-XXX9005); BeautyFirst, Inc. (EIN XX-XXX1954); Trade Secret Beauty Stores Inc. (EIN XX-XXX9804); Trade Secret Exclusive Stores Inc. (EIN XX-XXX9902); Trade Secret Luxury Stores Inc. (EIN XX-XXX9865); PureBeauty, Inc. (EIN XX-XXX4358). The address for each Debtor is 3762 14th Avenue, # 200, Markham, Ontario L3R 0G7, Canada.

3

**BACKGROUND**

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in these cases.

4. Information regarding the Debtors' history and business operations, their capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the First Day Declaration, which is incorporated herein by reference.

**RELIEF REQUESTED**

5. By this Motion, the Debtors seek the entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, consolidating the Debtors' chapter 11 cases for procedural purposes only.

6. Many of the motions, applications, hearings and orders that will arise in these chapter 11 cases will jointly affect each Debtor. For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors and other parties in interest would be best served by the joint administration of these chapter 11 cases. In order to optimally and economically administer the Debtors' pending chapter 11 cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Trade Secret, Inc. ("Trade Secret"). The Debtors believe it is appropriate to have these cases jointly administered under the name Trade Secret because that is the trade name that interested parties will likely use

when identifying the Debtors' businesses, and will avoid any confusion that may arise if the cases are administered under the names of the other Debtors.

7. The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Trade Secret.

8. The Debtors further request that the caption of these chapter 11 cases be modified as follows to reflect their joint administration:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRADE SECRET, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-_____ (\_\_\_\_\_)<br><br>(Jointly Administered) |

9. In addition, the Debtors seek the Court's direction that a separate docket entry be made on the docket of each of the other Debtors' chapter 11 cases, substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of these chapter 11 cases of Trade Secret, Inc. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-_____.

---

[1] The Debtors in these cases, along with the last four (4) digits of their federal tax identification numbers (if applicable) are: Premier Salons Beauty Inc. (EIN XX-XXX9717); Trade Secret, Inc. (EIN XX-XXX1292); Premier Salons Trade Secret Inc. (EIN XX-XXX9005); BeautyFirst, Inc. (EIN XX-XXX1954); Trade Secret Beauty Stores Inc. (EIN XX-XXX9804); Trade Secret Exclusive Stores Inc. (EIN XX-XXX9902); Trade Secret Luxury Stores Inc. (EIN XX-XXX9865); PureBeauty, Inc. (EIN XX-XXX4358). The address for each Debtor is 3762 14th Avenue, # 200, Markham, Ontario L3R 0G7, Canada.

**BASIS FOR RELIEF REQUESTED**

10. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the Court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. LR 1015-1. In this case, all of the Debtors are "affiliates" of Trade Secret as that term is defined in section 101(2) of the Bankruptcy Code and, accordingly, this Court has the authority to grant the relief requested herein.

11. Additionally, the joint administration of the Debtors' respective estates will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases.

12. The joint administration of these chapter 11 cases will also permit the Clerk of the Court to utilize a single docket for all of the cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. In addition, there will likely be numerous motions, applications, and other pleadings filed in these chapter 11 cases that will affect most or all of the Debtors. Joint administration will permit counsel for all parties in interest to include all of the Debtors' chapter 11 cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in each of the chapter 11 cases to stay apprised of all the various matters before the Court.

13. Joint administration of these chapter 11 cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely

procedural and is not intended to affect substantive rights.  Because these chapter 11 cases involve eight (8) Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays.  Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee.

14. Finally, the entry of joint administration orders in multiple related cases such as these is common in this District and elsewhere.  <u>See</u>, <u>e.g.</u>, <u>In re Accuride Corporation</u>, Case No. 09-13449 (BLS) (Bankr. D. Del. Oct. 8, 2009); <u>In re Eddie Bauer Holdings, Inc.</u>, Case No. 09-12099 (MFW) (Bankr. D. Del. June 18, 2009); <u>In re Hayes Lemmerz Int'l, Inc.</u>, Case No. 09-11655 (MFW) (Bankr. D. Del. May 13, 2009); <u>In re Tropicana Entm't, LLC</u>, Case No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008); <u>In re Leiner Health Prods., Inc.</u>, Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008); and <u>In re Wickes Holdings, LLC</u>, Case No. 08-10212 (KJC) (Bankr. D. Del. Feb. 5, 2008).

15. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## **<u>NOTICE</u>**

16. Notice of this Motion has been provided to:  (i) the Office of the United States Trustee; (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; (iii) counsel to the Debtors' prepetition secured lender; and (iv) the Debtors' cash management banks.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

7

YCST01:9336789.5  069219.1001

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
July 6, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Joseph M. Barry
James L. Patton, Jr. (No. 2202)
Joseph M. Barry (No. 4221)
Kenneth J. Enos (Bar No. 4544)
Ryan M. Bartley (No. 4985)
Andrew L. Magaziner (No. 5426)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Proposed Counsel for the Debtors and Debtors in Possession*