**EXHIBIT 2**

Sale Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRADE SECRET, INC., *et al.*,[1] | Case No. 10-_____ (__) |
| Debtors. | (Jointly Administered) |
| | **Docket Ref. No. _____** |

## ORDER PURSUANT TO SECTIONS 105(a), 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004 AND 6006 (I) AUTHORIZING SALE OF DEBTORS' ASSETS PURSUANT TO ASSET PURCHASE AGREEMENT, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; (II) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO; AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion dated July 6, 2010 (the "Sale Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors" or "Sellers") for entry of an order, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to, *inter alia*, (i) enter into that certain Asset Purchase Agreement, dated as of ____, 2010 (and as may be subsequently amended, supplemented or modified from time, the "Asset Purchase Agreement," a copy of which is attached hereto as Exhibit A),[2] by and between the Debtors and Regis Corporation or its assignee or designee, including, but not limited to, its proposed assignee under

---

[1]    The Debtors in these cases, along with the last four (4) digits of their federal tax identification numbers (if applicable) are:  Premier Salons Beauty Inc. (EIN XX-XXX9717); Trade Secret, Inc. (EIN XX-XXX1292); Premier Salons Trade Secret Inc. (EIN XX-XXX9005); BeautyFirst, Inc. (EIN XX-XXX1954); Trade Secret Beauty Stores Inc. (EIN XX-XXX9804); Trade Secret Exclusive Stores Inc. (EIN XX-XXX9902); Trade Secret Luxury Stores Inc. (EIN XX-XXX9865); PureBeauty, Inc. (EIN XX-XXX4358).  The address for each Debtor is 3762 14th Avenue, # 200, Markham, Ontario L3R 0G7, Canada.
[2]    All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Asset Purchase Agreement.

the Asset Purchase Agreement (the "Purchaser"), (ii) sell (the "Sale") substantially all of their

assets (the "Acquired Assets") pursuant to the term and conditions of the Asset Purchase

Agreement free and clear of any and all liens, claims, encumbrances and other interests ("Liens,

Claims, Encumbrances and Interests"), (iii) assume and assign certain executory contracts and

unexpired leases (the "Assigned Contracts") to the Purchaser; and (iv) granting certain related

relief; and this Court having entered an order dated ____, 2010 [Docket No. _____] (the

"Bidding Procedures Order") (i) authorizing and approving certain bidding procedures (the

"Bidding Procedures," a copy of which is attached as Exhibit A to the Bidding Procedures

Order) for the Debtors to consider higher or otherwise better offers for the Acquired Assets in

connection with the Sale, (ii) authorizing the Debtors to conduct an auction (the "Auction") in

connection with the Sale and establishing a date for the Auction and a hearing to consider the

Sale (the "Sale Hearing"), (iii) authorizing and approving the Debtors' form and manner of

notice for the Bidding Procedures and the Auction, (iv) authorizing and approving certain

procedures relating to the assumption and assignment of the Assigned Contracts, including

notice of the Debtors' proposed cure amounts and (v) granting certain related relief, including

approving the Expense Reimbursement (as defined in the Asset Purchase Agreement); and the

Court having established the date of the Sale Hearing; and the Court having jurisdiction to

consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157(b)(2) and 1334; and consideration of the Sale Motion, the relief requested therein, and the

responses thereto, if any, being a core proceeding in accordance with 28 U.S.C. § 157(b); and the

appearance of all interested parties and all responses and objections, if any, to the Sale Motion

having been duly noted in the record of the Sale Hearing; and upon the record of the Sale

Hearing, and all other pleadings and proceedings in these Chapter 11 Cases, including the Sale

2

Motion; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their estates and creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[3]

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.  The Court has jurisdiction over this matter and over the property of the Debtors, including the Acquired Assets to be sold, transferred or conveyed pursuant to the Asset Purchase Agreement, and their respective estates pursuant to 28 U.S.C.§§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.  The statutory predicates for the relief sought in the Sale Motion and the basis for the approvals and authorizations herein are sections 102, 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014.

E.  On July 6, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued in possession and management of their businesses and property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[3]  All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith

3

F.    As evidenced by the affidavits of service and publication filed with the Court, proper, timely, adequate and sufficient notice of the Sale Motion, Bidding Procedures, Auction and Sale Hearing have been provided in accordance with sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the procedural due process requirements of the United States Constitution and in compliance with the Bidding Procedures Order.  The Debtors also gave due and proper notice of the assumption, sale and assignment of each Assigned Contract to each non-Debtor party under each such Assigned Contract.  Such notice was good and sufficient and appropriate under the particular circumstances.  No other or further notice of the Sale Motion, Bidding Procedures, Auction, Sale Hearing and assumption and assignment of the Assigned Contracts, or of the entry of this Order, is necessary or shall be required.

G.    A reasonable opportunity to object or be heard regarding the relief requested in the Sale Motion has been afforded to all interested persons and entities, including, without limitation:  (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' prepetition lenders; (c) the Purchaser; (d) the parties included on the Debtors' consolidated list of twenty (20) creditors holding the largest unsecured claims; (e) any party which, to the best of the Debtors' knowledge, information and belief, has, in the past year, expressed in writing to the Debtors an interest in buying their business and which the Debtors and their representatives reasonably and in good faith determine potentially have the financial wherewithal to effectuate the transactions contemplated by the Sale Motion; (f) all parties which, to the best of the Debtors' knowledge, information and belief, have asserted a lien or security interest against any of the Acquired Assets; (g) all taxing authorities or recording offices which

4

have a reasonably known interest in relief requested in the Sale Motion; (h) the Office of the United States Trustee; (i) all non-Debtor parties to the Assigned Contracts; and (j) all parties requesting notice pursuant to Local Rule 2002-1(b). Other parties interested in bidding on the Acquired Assets were provided, upon request, sufficient information to make an informed judgment on whether to bid on the Acquired Assets.

   H. The Acquired Assets are property of the Debtors' estates and title thereto is vested in the Debtors' estates.

   I. The Debtors have demonstrated a sufficient basis requiring them to enter into the Asset Purchase Agreement, sell the Acquired Assets and assume and assign the Assigned Contracts under sections 363 and 365 of the Bankruptcy Code, and such actions are appropriate exercises of the Debtors' business judgment and in the best interests of the Debtors, their estates and creditors.

   J. The Bidding Procedures set forth in the Bidding Procedures Order were non-collusive, substantively and procedurally fair to all parties and were the result of arms' length negotiations between the Debtors and the Purchaser.

   K. The Debtors and their professionals have complied, in good faith, in all respects with the Bidding Procedures Order. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and the sale process conducted in accordance with the Bidding Procedures Order, the Debtors (a) afforded all parties (collectively, the "Potential Purchasers") interested in potentially purchasing the Acquired Assets a full, fair and reasonable opportunity to qualify as bidders in accordance with the terms and conditions of the Bidding Procedures and submit their highest or otherwise best offer to purchase the Acquired

5

Assets, and (b) provided Potential Purchasers, upon request, sufficient information to enable

them to make an informed judgment on whether to bid on the Acquired Assets. The Bidding

Procedures obtained the highest and otherwise best value for the Acquired Assets for the Debtors

and their estates.

L.     The offer of the Purchaser, upon the terms and conditions set forth in the

Asset Purchase Agreement, including the form and total consideration to be realized by the

Debtors pursuant to such agreement, (i) is the highest and best offer received by the Debtors,

(ii) is fair and reasonable, (iii) is in the best interests of the Debtors, their creditors and estates,

(iv) constitutes full and adequate consideration and reasonably equivalent value for the Acquired

Assets and (v) will provide a greater recovery for the Debtors' estates and creditors and other

interested parties than would be provided by any other practically available alternative.

M.     The Purchaser is a "good faith" buyer, as that term is used in the

Bankruptcy Code and the decisions thereunder, and is entitled to the protections of sections

363(m) and (n) of the Bankruptcy Code with respect to all of the Acquired Assets. The Asset

Purchase Agreement was negotiated and entered into in good faith, based upon arms' length

bargaining, and without collusion or fraud of any kind. Neither the Debtors nor the Purchaser

have engaged in any conduct that would prevent the application of section 363(m) of the

Bankruptcy Code or cause the application of, or otherwise implicate, section 363(n) of the

Bankruptcy Code to the Asset Purchase Agreement or to the consummation of the sale

transaction and transfer of the Acquired Assets and Assigned Contracts to the Purchaser. The

Purchaser is entitled to all the protections and immunities of section 363(m) of the Bankruptcy

Code.

N.     The Debtors have full corporate power and authority to execute the Asset

6

Purchase Agreement and all other documents contemplated thereby, and the sale of the Acquired Assets has been duly and validly authorized by all necessary corporate authority for the Debtors to consummate the transactions contemplated by the Asset Purchase Agreement. No consents or approvals, other than as may be expressly provided for in the Asset Purchase Agreement, are required by the Debtors to consummate such transactions.

O. The Debtors have advanced sound business reasons for seeking to enter into the Asset Purchase Agreement and to sell and/or assume and assign the Acquired Assets, as more fully set forth in the Sale Motion and as demonstrated at the Sale Hearing, and it is a reasonable exercise of the Debtors' business judgment to sell the Acquired Assets and to consummate the transactions contemplated by the Asset Purchase Agreement. Notwithstanding any requirement for approval or consent by any person, the transfer of the Acquired Assets to the Purchaser and the assumption and assignment of the Assigned Contracts is a legal, valid and effective transfer of the Acquired Assets and any Assigned Contracts.

P. The terms and conditions of the Asset Purchase Agreement, including the consideration to be realized by the Debtors pursuant to the agreement, are fair and reasonable, and the transactions contemplated by the Asset Purchase Agreement are in the best interests of the Debtors' estates, and satisfy applicable law.

Q. Except as otherwise provided in the Asset Purchase Agreement, the Acquired Assets shall be sold free and clear of all Liens, Claims, Encumbrances and Interests.

R. The transfer of the Acquired Assets to the Purchaser will be a legal, valid and effective transfer of the Acquired Assets, and, except as may otherwise be provided in the Asset Purchase Agreement, shall vest the Purchaser with all right, title and interest of the Debtors to the Acquired Assets free and clear of any and all Liens, Claims, Encumbrances and

7

Interests. Except as specifically provided in the Asset Purchase Agreement or this Order, the Purchaser shall not assume or become liable for any Liens, Claims, Encumbrances and Interests relating to the Acquired Assets being sold by the Debtors.

S.    The transfer of the Acquired Assets to the Purchaser free and clear of all Liens, Claims, Encumbrances and Interests will not result in any undue burden or prejudice to any holders of any Liens, Claims, Encumbrances and Interests, as all such Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever shall attach to the net proceeds of the sale of the Acquired Assets received by the Debtors in the order of their priority, with the same validity, force and effect which such Liens, Claims, Encumbrances and Interests now have as against the Acquired Assets and subject to any claims and defenses the Debtors or other parties may possess with respect thereto. All persons having Liens, Claims, Encumbrances or Interests of any kind or nature whatsoever against or in any of the Debtors or the Acquired Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances or Interests against the Purchasers, any of its assets, property, successors or assigns or the Acquired Assets.

T.    The Debtors may sell the Acquired Assets free and clear of all Liens, Claims, Encumbrances and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those (i) holders of Liens, Claims, Encumbrances and Interests and (ii) non-Debtor parties, which did not object or which withdraw their objections to the sale of the Acquired Assets and the Sale Motion are deemed to have consented to the sale pursuant to section 363(f)(2) of the Bankruptcy Code. All objections to the Sale Motion have been resolved or overruled. Those holders of Liens, Claims, Encumbrances and Interests which did object fall within one or more

8

of the other subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens, Claims, Encumbrances and Interests, if any, attach to the proceeds of the sale of the Acquired Assets ultimately attributable to the property against or in which they claim or may claim any Liens, Claims, Encumbrances and Interests, with such Liens, Claims, Encumbrances and Interests being subject to treatment as may be prescribed by separate order of this Court.

U.     Not selling the Acquired Assets free and clear of all Liens, Claims, Interests and Encumbrances would adversely impact the Debtors' estates, and the sale of the Acquired Assets other than one free and clear of Liens, Claims, Encumbrances and Interests would be of substantially less value to the Debtors' estates.

V.     The Debtors and the Purchaser have, to the extent necessary, satisfied the requirements of section 365 of the Bankruptcy Code, including sections 365(b)(1)(A), (B) and 365(f), in connection with the sale and the assumption and assignment of the Assigned Contracts. The Purchaser has demonstrated adequate assurance of future performance with respect to the Assigned Contracts pursuant to section 365(b)(1)(C) of the Bankruptcy Code. The assumption and assignment of the Assigned Contracts pursuant to the terms of this Order is integral to the Asset Purchase Agreement and is in the best interests of the Debtors, their estates and creditors and other parties in interest, and represents the exercise of sound and prudent business judgment by the Debtors.

W.     The Assigned Contracts are assignable notwithstanding any provisions contained therein to the contrary. The Debtors have provided for the cures and/or other payments or actions required under the Bankruptcy Code to assume and assign the Assigned Contracts to the Purchaser. The Purchaser has provided adequate assurance of its future

9

performance under the Assigned Contracts and the proposed assumption and assignment of the Assigned Contracts.

X.      In the absence of a stay pending appeal, the Purchaser will be acting in good faith, pursuant to section 363(m) of the Bankruptcy Code, in closing the transactions contemplated by the Asset Purchase Agreement at any time on or after the entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided by Bankruptcy Rules 6004(h) and 6006(d).

Y.      The transactions contemplated under the Asset Purchase Agreement do not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtors and/or the Debtors' estates, and there is not substantial continuity between the Purchaser and the Debtors, there is no continuity of enterprise between the Debtors and the Purchaser, the Purchasers are not a mere continuation of the Debtors or their estates and the Purchasers do not constitute a successor to the Debtors or their estates.

Z.      The sale of the Acquired Assets outside of a chapter 11 plan pursuant to the Asset Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors. The sale does not constitute a *sub rosa* chapter 11 plan.

AA.     Pursuant to Section [_____] of the Asset Purchase Agreement, the Debtors are providing the Purchaser with a general release of claims and the Purchaser is providing fair value for the release.

BB.     The Purchaser's credit bid pursuant to the Agreement was a valid and proper offer pursuant to the Bidding Procedures Order and sections 363(b) and 363(k) of the Bankruptcy Code.

YCST01:9726428.8                                                    069219.1001

CC.     The total consideration provided by the Purchaser for the Acquired Assets

is the highest and best offer received by the Debtors, and the Purchase Price constitutes

(a reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer

Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act and (c) reasonably

equivalent value, fair consideration and fair value under any other applicable laws of the United

States, any state, territory or possession or the District of Columbia, for the Acquired Assets.

DD.     Time is of the essence in consummating the Sale. In order to maximize

the value of the Acquired Assets, it is essential that the sale of the Acquired Assets occur within

the time constraints set forth in the Asset Purchase Agreement. Accordingly, there is cause to lift

the stays contemplated by Bankruptcy Rules 6004 and 6006.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The relief requested in the Sale Motion is granted, subject to the terms and

conditions contained herein.

2.     All objections, responses, and requests for continuance concerning the

Sale Motion are resolved in accordance with the terms of this Order and as set forth in the record

of the Sale Hearing. To the extent any such objection, response or request for continuance was

not otherwise withdrawn, waived, settled or expressly preserved by the terms of this Order, it,

and all reservations of rights contained therein, are overruled and denied.

3.     Notice of the Sale Hearing was fair and equitable under the circumstances

and complied in all respects with 11 U.S.C. § 102(1) and Bankruptcy Rules 2002, 6004 and 6006

and the Bidding Procedures Order.

4.     The sale of the Acquired Assets, the terms and conditions of the Asset

Purchase Agreement (including all schedules and exhibits affixed thereto), the credit bid by the

11

Purchaser (the "Credit Bid Amount") and the transactions contemplated thereby be, and hereby are, authorized and approved.

5.      The sale of the Acquired Assets and the consideration provided by the Purchaser under the Asset Purchase Agreement, including the Credit Bid Amount, are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6.      The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code, including with respect to the transfer of the Assigned Contracts as part of the sale of the Acquired Assets pursuant to section 365 of the Bankruptcy Code and this Order.

7.      The Debtors and the Purchaser shall be, and hereby are, authorized and directed to fully assume, perform under, consummate and implement the terms of the Asset Purchase Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Asset Purchase Agreement, this Order and the sale of the Acquired Assets contemplated thereby, including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession any or all of the Acquired Assets or Assumed Liabilities, as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the Asset Purchase Agreement, without any further corporate action or orders of this Court. The Purchaser shall have no obligation to proceed with the Closing of the Asset Purchase Agreement until all conditions precedent to its obligations to do so have been met, satisfied or waived.

12

069219.1001

8.     The Debtors, the Purchaser and each other person or entity having duties or responsibilities under the Asset Purchase Agreement, any agreements related thereto or this Order, and their respective directors, officers, employees, members, agents, representatives and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Asset Purchase Agreement, to:  carry out all of the provisions of the Asset Purchase Agreement and any related agreements; issue, execute, deliver, file and record, as appropriate, the documents evidencing and consummating the Asset Purchase Agreement, and any related agreements; take any and all actions contemplated by the Asset Purchase Agreement, any related agreements or this Order; and issue, execute, deliver, file and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate and consummate the Asset Purchase Agreement, any related agreements and this Order and the transactions contemplated thereby and hereby, all without further application to, or order of, the Court or further action by their respective directors, officers, employees, members, agents, representatives and attorneys, and with like effect as if such actions had been taken by unanimous action of the respective directors, officers, employees, members, agents, representatives and attorneys of such entities.  The secretary or any assistant secretary of the Debtors shall be, and hereby is, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding and enforceable).  The Debtors (or, consistent with the Asset Purchase Agreement, the Purchaser) is further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates,

agreements or amendments necessary or appropriate to effectuate the transactions contemplated by the Asset Purchase Agreement, any related agreements and this Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as any of the officers of the Debtors may determine are necessary or appropriate. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act. Without limiting the generality of the foregoing, this Order shall constitute all approvals and consents, if any, required by the corporation laws of the State of Delaware and all other applicable business corporation, trust and other laws of the applicable governmental units with respect to the implementation and consummation of the Asset Purchase Agreement, any related agreements and this Order, and the transactions contemplated thereby and hereby.

9. Effective as of the Closing, (a) the sale of the Acquired Assets by the Debtors to the Purchaser shall constitute a legal, valid and effective transfer of the Acquired Assets notwithstanding any requirement for approval or consent by any person and shall vest Purchaser with all right, title and interest of the Debtors in and to the Acquired Assets, free and clear of all Liens, Claims, Encumbrances and Interests of any kind, pursuant to section 363(f) of the Bankruptcy Code, and (b) the assumption of any Assumed Liabilities by the Purchaser shall constitute a legal, valid and effective delegation of any Assumed Liabilities to the Purchaser and shall divest the Debtors of all liability with respect to any Assumed Liabilities.

10. The sale of the Acquired Assets by the Debtors to the Purchaser is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

11.     Except to the extent specifically provided in the Asset Purchase

Agreement, upon the closing, the Debtors shall be, and hereby are, authorized, empowered, and

directed, pursuant to sections 105, 363(b) and 365 of the Bankruptcy Code, to sell the Acquired

Assets, including those within the Assignment and Assumption Agreement, to the Purchaser.

The sale of the Acquired Assets shall vest Purchaser with all right, title and interest of the

Debtors to the Acquired Assets free and clear of any and all Liens, Claims, Encumbrances and

Interests and other liabilities and claims, but subject to the Assumed Liabilities, whether secured

or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or

unnoticed, recorded or unrecorded, contingent or non-contingent, liquidated or unliquidated,

matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or

subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or

otherwise, with all such Liens, Claims, Encumbrances and Interests to attach only to the

proceeds of the Sale (if any) with the same priority, validity, force and effect, if any, as they now

have in or against the Acquired Assets, subject to all claims and defenses the Debtors may

possess with respect thereto.  Following the Closing Date, no holder of any Liens, Claims,

Encumbrances and Interests in the Acquired Assets shall interfere with the Purchaser's use and

enjoyment of the Acquired Assets based on or related to such Liens, Claims, Encumbrances and

Interests, or any actions that the Debtors may take in their chapter 11 cases and no person shall

take any action to prevent, interfere with or otherwise enjoin consummation of the transactions

contemplated in or by the Asset Purchase Agreement or this Order.

12.     The provisions of this Order authorizing the sale of the Acquired Assets

free and clear of Liens, Claims, Encumbrances and Interests, other than Assumed Liabilities,

shall be self-executing, and neither the Debtors nor the Purchaser shall be required to execute or

file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. However, the Debtors and the Purchaser, and each of their respective officers, employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or the Purchaser deem necessary or appropriate to implement and effectuate the terms of the Asset Purchase Agreement and this Order. Moreover, effective as of the Closing, the Purchaser and its successors and assigns shall be designated and appointed the Debtors' true and lawful attorney and attorneys, with full power of substitution, in the Debtors' name and stead, on behalf and for the benefit of the Purchaser, its successors and assigns, to demand and receive any and all of the Acquired Assets and to give receipts and releases for and in respect of the Acquired Assets, or any part thereof, and from time to time to institute and prosecute in the Debtors' name, for the benefit of the Purchaser, its successors and assigns, any and all proceedings at law, in equity or otherwise, which the Purchaser, its successors and assigns, may deem proper for the collection or reduction to possession of any of the Acquired Assets, and to do all acts and things with respect to the Acquired Assets which the Purchaser, its successors and assigns, shall deem desirable. The foregoing powers are coupled with an interest and are and shall be irrevocable by the Debtors.

13. On or before the Closing Date, the Debtors' creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release any Liens, Claims, Encumbrances and Interests of any kind against the Acquired Assets, as such Liens, Claims, Encumbrances and Interests may have been recorded or may otherwise exist. If any person or entity that has filed financing statements or other documents or agreements evidencing any Liens, Claims, Encumbrances and Interests in or against the Acquired Assets

shall not have delivered to the Debtors prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Liens, Claims, Encumbrances and Interests that the person or entity has with respect to the Acquired Assets, the Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Acquired Assets prior to the Closing, and the Purchaser is authorized to file such documents after Closing.

14.     To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Acquired Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Purchaser as of the Closing Date. Without limiting the generality of the foregoing, the Debtors are expressly authorized to enter into any transition documents necessary to facilitate the operations of the Purchaser under the Asset Purchase Agreement.

15.     All of the Debtors' interests in the Acquired Assets under the Asset Purchase Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Purchaser. Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Acquired Assets acquired by the Purchaser under the Asset Purchase Agreement and/or a bill of sale or assignment transferring good and marketable, indefeasible title and interest in the Acquired Assets to the Purchaser.

16.     Except as expressly provided in the Asset Purchase Agreement or this

17

Order, (a) the Purchaser is not assuming nor shall its or any affiliate thereof be in any way liable or responsible, as a successor or otherwise, for (i) any liabilities, debts or obligations of the Debtors in any way whatsoever relating to or arising from the Debtors' ownership or use of the Acquired Assets prior to the consummation of the transactions contemplated by the Asset Purchase Agreement, or (ii) any liabilities calculable by reference to the Debtors or their operations or the Acquired Assets, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the Agreement or this Order, unless otherwise expressly provided for in the Asset Purchase Agreement. Except as expressly provided in the Asset Purchase Agreement or this Order, all such liabilities, debts and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against the Purchaser or any affiliate of the Purchaser.

17. Except as otherwise provided in the Asset Purchase Agreement or the Schedules thereto, on the Closing Date, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective Liens, Claims, Encumbrances and Interests against the Acquired Assets, if any, as may have been recorded or may otherwise exist.

18. Except as otherwise expressly provided in the Asset Purchase Agreement, all persons or entities, presently or on or after the Closing Date, in possession of some or all of the Acquired Assets are directed to surrender possession of the Acquired Assets to the Purchaser on the Closing Date or at such time thereafter as the Purchaser may request.

19. The Assignment and Assumption Agreement is valid and binding, in full force and effect, and enforceable in accordance with its terms.

20. Subject to the terms of the Asset Purchase Agreement, the Assignment and

Assumption Agreement and the occurrence of the Closing Date, the assumption by the Debtors of the Assigned Contracts and the sale and assignment of such agreements to the Purchaser, as provided for or contemplated by the Asset Purchase Agreement, shall be, and hereby is, authorized and approved pursuant to sections 363 and 365 of the Bankruptcy Code.

21.     The Assigned Contracts shall be deemed valid and binding and in full force and effect and assumed by the Debtors and sold and assigned to the Purchaser at the Closing, pursuant to sections 363 and 365 of the Bankruptcy Code, subject only to (a) the payment of all cure amounts and/or other payments or actions required under the Bankruptcy Code to assume and assign the Assigned Contracts to the Purchaser, and (b) the Purchaser's right to exclude certain Assignable Contracts from the definition of Assigned Contracts in accordance with the terms of the Asset Purchase Agreement.

22.     Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested in all right, title and interest of each Assigned Contract. The Debtors shall cooperate with, and take all actions reasonably requested by, the Purchaser to effectuate the foregoing.

23.     Pursuant to sections 365(b)(l)(A) and (B) of the Bankruptcy Code, and except as otherwise provided in this Order, or as agreed by the Purchaser and non-Debtor parties to the Assigned Contracts, the Purchaser shall promptly pay or cause to be paid to the parties to any Assigned Contracts the requisite cure amounts (the "Cure Amounts") under section 365 of the Bankruptcy Code, if any, set forth in the notice (the "Assumption and Assignment Notice") served by the Debtors, in accordance with the Bidding Procedures and the Bidding Procedures Order, and substantially in the form attached to the Bidding Procedures Order as Exhibit D, on each of the non-Debtor parties to the Assigned Contracts, except to the extent that a Cure

19

Amount was amended on the record of the Sale Hearing or by other agreement between the parties, upon the assumption and assignment thereof. The Cure Amounts are hereby fixed at the amounts set forth in the Assumption and Assignment Notice, or the amounts set forth on the record of the Sale Hearing or by other agreement between the parties, as the case may be, and the non-Debtor parties to the Assigned Contracts are forever bound by such Cure Amounts.

24.     All defaults or other obligations under the Assigned Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured by payment of the Cure Amounts.

25.     Any provision in any Assigned Contract that purports to declare a breach, default or payment right as a result of an assignment or a change of control in respect of the Debtors, or that purports to declare a breach, default or payment right as a result of the solvency or financial condition of any guarantor, is unenforceable, and all Assigned Contracts shall remain in full force and effect, subject only to payment of the appropriate Cure Amount, if any. No sections or provisions of any Assigned Contract that purports to declare a breach, default or payment right or that purports to provide for additional payments, penalties, charges or other financial accommodations in favor of the non-Debtor parties to the Assigned Contracts shall have any force and effect with respect to the sale transaction and assignments authorized by this Order, and such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code and no assignment of any Assigned Contract pursuant to the terms of the Asset Purchase Agreement shall in any respect constitute a default under any Assigned Contract. The non-Debtor party to each Assigned Contract shall be deemed to have consented to such

assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Purchaser shall enjoy all of the rights and benefits under each such Assigned Contract as of the applicable date of assumption without the necessity of obtaining such non-Debtor party's written consent to the assumption or assignment thereof.

26.     The Purchaser has satisfied all requirements under section 365(b)(1) and 365(f)(2) of the Bankruptcy Code to provide adequate assurance of future performance under the Assigned Contracts.

27.     The Debtors and their estates shall be relieved of any liability for any breach of any of the Assigned Contracts occurring from and after Closing, pursuant to, and in accordance with, section 365(k) of the Bankruptcy Code.

28.     Each and every federal, state, and local governmental agency or department shall accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement and this Order.

29.     The Purchaser has not assumed or are otherwise not obligated for any of the Debtors' liabilities other than the Assumed Liabilities as set forth in the Asset Purchase Agreement or this Order, and the Purchase has not purchased any of the Excluded Assets. Consequently, all persons, governmental units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code) and all holders of Liens, Claims, Encumbrances and Interests based upon or arising out of liabilities retained by the Debtors are hereby prohibited from taking any action against the Purchaser or the Acquired Assets to recover any Liens, Claims, Encumbrances and Interests on account of any liabilities of the Debtors other than Assumed Liabilities pursuant to the Asset Purchase Agreement. All persons holding or asserting any Liens, Claims, Encumbrances and Interests in the Excluded Assets are hereby prohibited from asserting or

prosecuting such Liens, Claims, Encumbrances and Interests or any causes of action against the Purchaser or the Acquired Assets for any liability associated with the Excluded Assets.

30.     The Purchaser is not a "successor" to the Debtors or their estates by reason of any theory of law or equity, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors and/or their estates including, but not limited to, any bulk sales law, successor liability or similar liability except as otherwise expressly provided in the Asset Purchase Agreement with respect to the Assumed Liabilities.

31.     The general release set forth in section [_____] of the Asset Purchase Agreement is approved in its entirety.

32.     Subject to the terms of the Asset Purchase Agreement, the Asset Purchase Agreement and any related agreements may be waived, modified, amended or supplemented by agreement of the Debtors and the Purchaser, without further action or order of the Court; provided, however, that any such waiver, modification, amendment or supplement is not material and substantially conforms to, and effectuates, the Asset Purchase Agreement and any related agreements.

33.     The failure specifically to include any particular provisions of the Asset Purchase Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court, the Debtors and the Purchaser that the Asset Purchase Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

34.     To the extent any provisions of this Order conflict with the terms and

conditions of the Asset Purchase Agreement, this Order shall govern and control.

35.     The provisions of this Order are non-severable and mutually dependent.

36.     Nothing in any order of this Court or contained in any chapter 11 plan in these chapter 11 cases, or in any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of the Asset Purchase Agreement or the terms of this Order.

37.     Notwithstanding Bankruptcy Rules 6004, 6006 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtors and the Purchaser are free to close under the Asset Purchase Agreement at any time, subject to the terms of the Asset Purchase Agreement. In the absence of any person or entity obtaining a stay pending appeal, if the Debtors and the Purchaser close under the Asset Purchase Agreement, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the Asset Purchase Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

38.     This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Bidding Procedures Order and the Asset Purchase Agreement in all respects and to decide any disputes thereunder, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Asset Purchase Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Acquired Assets and any Assigned Contracts and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning

23

the transfer of the assets free and clear of all Liens, Claims, Encumbrances and Interests.

Dated: Wilmington, Delaware

_____, 2010

_____
United States Bankruptcy Judge

# EXHIBIT A TO SALE ORDER

Asset Purchase Agreement

(see Exhibit 3 to Motion below)